IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Roger Steven Bright, Sr., ) C/A No.: 2:11-cv-01815-RBH

Plaintiff,

v. ) **ORDER**

Michael J. Astrue, Commissioner of Social Security,

Defendant.

The plaintiff, Roger Steven Bright, Sr., brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ....“ 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citations omitted). This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir.1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir.1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through

application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R & R. 28 U.S.C. § 636(b)(1). The R & R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005)

(quoting Fed.R.Civ.P. 72 advisory committee's note).

Plaintiff applied for DIB on March 17, 2009, alleging disability since June 13, 2008 due to thoracic and lumbar disc displacement with radicuolopathy, chronic pain syndrome, and depression. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on November 22, 2010, via video. The ALJ thereafter denied plaintiff's claim for benefits in a decision issued February 25, 2011. The Appeals Council denied the plaintiff's request for review on July 12, 2011, and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 34 years old on the alleged onset date. He has an eighth grade education and has not obtained a GED. His past work experience includes employment as a delivery truck driver, pest control worker, and restaurant manager. He last worked at Republic National Distribution Company in June of 2008, where he suffered a work-related injury to his back.

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 1382(a)(3). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. § 1382(a)(3)(a). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P, 20 C.F.R. § 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.960(a). These factors include the individual's (1) "residual functional capacity," *id*. § 416.960(a); (2) age, *id*. at § 416.963; (3) education, *id*.§ 416.964; (4) work experience, *id*. § 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. § 416.960(c)(1). The initerrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since June 13, 2008, the alleged onset date (20 C.F.R. § 404.1571 *et seq*., *et seq*.)

3 T.he claimant has the following severe impairments: thoracic and lumbar disc displacement with radiculopathy, chronic pain syndrome, and depression. (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, I find that he can occasionally lift 15 pounds, and frequently lift 10 pounds. I also find that he can stand for 2 hours in an 8-hour workday, walk for 2 hours in an 8-hour workday. I further find that he must avoid concentrated exposure to hazards, but he can occasionally climb, stoop, kneel, crouch, crawl, and push or pull with his lower extremity. Additionally, I find that he can frequently balance, but can never use ladders, ropes or scaffolds. Finally, I find that he is limited to the performance of simple, 1-2 step tasks in a low stress work environment defined/accompanied by no public contact.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 18, 1973 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is “not disabled,” whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant’s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 13, 2008, through the date of this decision (20 C.F.R. 404.1520(g)).

(Tr. pp. 14-30).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On June 28, 2012, Magistrate Judge Bruce Howe Hendricks filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on July 16, 2012. The defendant filed a Response on July 31, 2012.

**Objections**

Plaintiff asserts that the Magistrate Judge erroneously found that the ALJ and Commissioner properly considered the opinions of the claimant's treating physician, Dr. Rogers, and his psychologist, Dr. Tollison. He also objects to the conclusion by the Magistrate Judge that the failure of the ALJ to mention a vocational expert, Dr. Hecker, was harmless. Finally, he contends that the reports of Dr. Rogers dated after the ALJ opinion which found that the claimant has a 43% impairment of the whole person should require an award of benefits under the reasoning of *Waters v. Gardner*, 452 F.2d 855 (9th Cir. 1971).[1]

**Plaintiff's "New Evidence"**

The administrative record contains a cover letter from then counsel for the claimant, Richard V. Davis, dated July 11, 2011. The cover letter states that the following reports were enclosed:

> (1) Physician's Statement completed by David Tollison, PhD., dated 6/21/11. Mental Impairment Questionnaire, Mental Residual Functional Capacity Assessment and Medical Questionnaire completed by David Tollison, PhD., dated 6/30/11;
> (2) Report of David Tollison, Ph.D., 6/21/11 and letter dated 6/30/11;
> (3) Report of Geera Desai, M.D., dated 6/2/11;
> (4) Reports of David Rogers, M.D., dated 5/20/11, and Physician's Statement dated 6/8/11.

[1] Plaintiff does not object to the finding by the Magistrate Judge that the ALJ performed a proper credibility analysis and properly found that his impairments did not meet the criteria of Listings 1.04 or 12.04. The Court has reviewed those findings for clear error and finds none. Therefore, those portions of the R&R are adopted without further discussion.

Tr. p. 7).

The administrative record does not appear to contain the above reports. The "Notice of Appeals Council Action" was dated July 12, 2011 and attaches the "Order of Appeals Council" stating that it has received as additional evidence Exhibit 20E Representative Brief from the claimant's attorney and Exhibit 31F Treatment notes from Rhett McCraw, M.D. for June 23, 2010 through August 27, 2010. (Tr. p. 1-5). The attorney letter which enclosed the additional reports was dated on July 11, 2011 but was date stamped as received by the ODAR on July 13, 2011, one day after the Appeals Council action. This Court finds that the additional evidence was not received until after the Appeals Council had rendered its decision and was accordingly not made a part of the administrative record.

However, the Court must still consider whether the case should be remanded for further findings in light of the reports which the plaintiff attempted to submit to the Appeals Council[2] and which were attached to his brief filed in this Court.

Pursuant to sentence six of 42 U.S.C. § 405(g), the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "While a reviewing court may not grant disability benefits on the basis of newly disclosed evidence, it is proper to remand a case to the Secretary for reconsideration in the light of significant new evidence, relevant to the determination of disability at the time the application was first filed and not merely cumulative of evidence already before the Secretary." *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). "To support a remand to consider

[2] The Court notes that Plaintiff's counsel did not ask for a remand under Sentence Six. Here, Plaintiff's counsel wants the Court to simply reverse and remand for payment of benefits. However, the Court believes a remand under Sentence Six is appropriate.

newly submitted medical evidence, the evidence must be new, material, and relate to the period prior to the ALJ's decision, and there must be good cause for failing to present the evidence earlier." *Jolly v. Chater*, 106 F.3d 390 (4th Cir. 1997)(unpublished decision); *See also*, *Smith v. Chater*, 99 F.3d 635 (4th Cir. 1996), footnote 5.

The new reports are new evidence which could have been material to the ALJ's decision in that they are relevant to a determination of the claimant's physical capacity form June of 2008 until the time of the hearing. They were also relevant to the determination of his RFC and could show that the condition of his back and his mental status continued to deteriorate during the appropriate period.

The Court will next address whether the plaintiff has shown good cause for failing to timely submit the report to the Commissioner. Courts have held that the Social Security Act has a remedial purpose and that the term "good cause" should be construed liberally. *See Goff v. Harris*, 502 F.Supp.1086, 1089 (E.D. Va. 1980). "Accordingly, the party seeking to have the case remanded is only required to make a general showing of the nature of the evidence he seeks to submit at the administrative proceeding." *Id*., citing *King v. Califano*, 599 F.2d 597 (4th Cir. 1979). "Nevertheless, when a claimant seeks to have a case remanded to the Secretary for 'good cause,' he bears the burden of showing that the newly discovered evidence bears directly and substantially on the issues decided, that it is not merely cumulative, and that it has a reasonable chance of altering the decision of the Secretary."*Goff*, 502 F.Supp. at 1089-1090. Here, there was good cause for failing to submit the evidence sooner in that the reports were submitted within a reasonable time after they were received by counsel. The good cause standard has been met under the lenient threshold required in Social Security cases, under the circumstances of this case. Therefore, the Court believes that the reports are new, material evidence that should be considered by the Commissioner.

Plaintiff's counsel has simply requested reversal and a remand for an award of benefits rather than a remand for the purpose of considering this new evidence. The Court, therefore, *sua sponte* orders a remand.[3] "A reviewing court cannot properly discharge its judicial function without an evaluation and explanation of all material evidence." *Scott ex rel. Scott v. Barnhart*, 332 F.Supp.2d 869, 876 (D.Md. 2004). "If, upon consideration of the entire record, including the new evidence, the district court cannot conclude (whether) the ALJ decision was supported by substantial evidence, a remand should be ordered." *King v. Barnhart*, 415 F.Supp.2d 607, 611 (E.D.N.C. 2005). At this stage, the reports attached to the plaintiff's brief are not even part of the administrative record. Thus, a remand for consideration of them is appropriate, not an outright reversal.[4]

**<u>Report of Dr. Hecker, Vocational Expert</u>**

The plaintiff submitted to the ALJ a November 17, 2010 report of Benson Hecker, Ph.D. In this report, which is not mentioned in the ALJ opinion, Dr. Hecker gives an opinion that "[b]ased on Mr. Bright's age, education, vocational background and transferable skills, his impairments (psychological/physical), the limitations as well as the effects of his chronic moderately-severe to severe pain, it is my opinion that Mr. Bright is unable to perform any substantial gainful work activity which exists in significant numbers in open competition with others." (Tr. p. 226). Dr. Hecker, as a

[3] In the event the Court receives a subsequent request for attorney fees under EAJA, the Court will consider as a factor counsel's failure to request a remand under Sentence Six as opposed to simply asking for reversal and an award of benefits.

[4] The claimant has misconstrued this Court's order in *Phillips v. Commissioner of Social Security*, 2012 WL 489191 (D.S.C. 2012). In *Phillips*, this Court did not adopt a bright line rule that impairment ratings of less than 30% do not support a finding of disability based on *Waters v. Gardner*, 452 F.2d 855 (9th Cir. 1971). Instead, it found that "[i]mpairment ratings by treating physicians are one relevant factor to a conclusion as to whether a claimant is disabled." *Phillips* at *5.

vocational expert, was an "other source" which an ALJ "may" consider[5]. Because the Court is already remanding the case to consider the new evidence, the Commissioner should also consider the opinion of Dr. Hecker and determine whether it is entitled to any weight.

**Conclusion**

For the foregoing reasons, the court respectfully declines to adopt the report and recommendation of the Magistrate Judge and *sua sponte* remands the case under Sentence Six of 42 U.S.C. § 406(g) for consideration of the new evidence which was attached to the claimant's brief in this Court: the Physician's Statement by Dr. Tollison dated June 21, 2011, the Mental Impairment Questionnaire, the Mental Residual Function Capacity Assessment and Medical Questionnaire by Dr. Tollison dated June 30, 2011; the report of Dr. Tollison dated 6/21/2011 and letter dated June 30, 2011; the report of Dr. Geera Desai dated 6/2/11; and the reports of Dr. Rogers dated May 20, 2011 and Physician's Statement dated 6/8/2011.[6] On remand, the ALJ should also consider the report of vocational expert, Dr. Hecker.

The Clerk of Court shall administratively close the case, but the Court retains jurisdiction as to any further review of the Commissioner's decision after consideration of the reports. If the Commissioner continues to deny benefits, the plaintiff may request that the case be reopened for review of the decision.

---

[5] *See* 20 C.F.R. Section 404.1513(d).

[6] *See* Tr. p. 7.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 22, 2012
Florence, South Carolina